**VARLETA v. BARBER.**
No. 30281.

United States District Court
N. D. California, S. D.
June 15, 1951.

Jackson & Hertogs, San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., by Edgar R. Bonsall, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

Petitioner, a native of the Philippine Islands, entered the Hawaiian Islands for permanent residence in 1931. On March 22, 1935, via the steamship Hanover, he entered the United States, in which country he has continuously resided except for periods of employment aboard American owned vessels.

Upon the return of petitioner's vessel from a foreign port on November 22, 1947, he was detained by the Immigration and Naturalization Service. Hearings by the latter body culminated in an order of deportation, directing petitioner to be sent to the Philippine Islands. Such order was based on the ground that he was an immigrant, not in possession of an unexpired immigration visa.

■ Petitioner contends that he is a legal resident of the United States and that defendant is acting in violation of the law in ordering his deportation. Petitioner has exhausted his administrative remedies and is now entitled to a consideration of his case by means of the present petition for Writ of Habeas Corpus. United States ex rel. Trinler v. Carusi, 3 Cir., 166 F.2d 457.

■ In order to determine his status, it is necessary for the Court to review the recent history of the Philippine Islands. During the period that the United States exercised control of the Islands, children born there were entitled to the protection of the United States. Citizens of the Philippine Islands were not deemed to be aliens. Gonzales v. Williams, 192 U.S. 1, 13, 24 S.Ct. 177, 48 L.Ed. 317. They owed allegiance to the United States. Toyota v. United States, 268 U.S. 402, 45 S.Ct. 563, 69 L.Ed. 1016.

■ Under the legal status of his land of birth, petitioner was a national of the United States. He enjoyed such status at the time of his admission to Hawaii in 1931. Furthermore, it continued when he made his original entry into the continental United States in March of 1935. Application of Viloria, D.C., 84 F.Supp. 584; Cabebe v. Acheson, 9 Cir., 183 F.2d 795.

■■ Not until July 4, 1946, when the Philippine Islands achieved their independence did petitioner become an alien. Such change of status, however, did not deprive petitioner of his lawful residence in the Hawaiian Islands. As a permanent resident alien of Hawaii, petitioner was authorized to enter the United States without having in his possession an immigration visa. 8 U.S.C.A. § 213(b). Moreover, petitioner, as a seaman, was entitled to the benefits of 8 C.F.R. 175.45(b) which reads as follows:

*"Immigrants required to present passports but not permits to enter.* Aliens who are lawful permanent residents of the United States, and who fall within the following categories are exempt from the requirements of presenting permits to enter, inasmuch as the requirement thereof is waived, but must present passports:

"(b) An alien, occupationally a seaman, who is returning in accordance with the terms of the articles of outward voyage, * * *."

Since plaintiff has resided continuously in the United States and Hawaii since the time of his original admission for permanent residence in 1931 he is covered by the above quoted section of Title 8 of the Code of Federal Regulations. It should be noted that under the Immigration Act of 1924, Section 28(a), "The term 'United States', when used in a geographical sense, means the States, the Territories of Alaska and Hawaii, * * *." 8 U.S.C.A. § 224(a).

■ The single obstacle to petitioner's admission raised by the Government is to be found in Section 8(a) (2) of the Act of March 24, 1934, whereby the basis for Philippine independence was laid, 48 Stat. 456. Such section reads in part as follows: "Citizens of the Philippine Islands who are not citizens of the United States shall not be admitted to the continental United States from the Territory of Hawaii (whether entering such Territory before or after the effective date of this section) * * *."

From the enactment of this provision in the Philippine Independence Act, until 1946, when complete independence was achieved by Presidential Proclamation. Proclamation No. 2695, July 4, 1946, 60 Stat. 1352, 11 F.R. 7517, 48 U.S.C.A. § 1240 note, petitioner was ineligible to enter the United States without a visa.

Commencing July 4, 1946, petitioner's status was defined by Section 14 of the Philippine Independence Act which reads as follows: "Upon the final and complete withdrawal of American sovereignty over the Philippine Islands the immigration laws of the United States (including all the provisions thereof relating to persons ineligible to citizenship) shall apply to persons who were born in the Philippine Islands to the same extent as in the case of other foreign countries." 48 U.S.C.A. § 1244.

In accordance with this section, the provisions of the Philippine Independence Act of 1934 were superseded by the immigration

regulations applicable to all foreign countries. As a lawful resident alien of the Hawaiian Islands petitioner was eligible to enter the United States without a visa.[1] 48 U.S.C.A. § 1238. Any special restrictions placed on petitioner's movement between Hawaii and the continental United States were removed in 1946 and Section 8(a) (2) became ineffective.

The ruling of the Immigration and Naturalization Service in requiring such visa was erroneous as a matter of law and constituted a denial of due process of law, contrary to the Fifth Amendment to the Constitution of the United States. Kessler v. Strecker, 307 U.S. 22, 59 S.Ct. 694, 83 L.Ed. 1082. Petitioner is entitled to his release forthwith.

In view of the Court's conclusion that petitioner is eligible for admission into the United States without obtaining a visa, it becomes unnecessary to pass upon a second ground raised by petitioner as a basis for establishing his eligibility for admission. He contends that at the time of his entry into the continental United States on March 22, 1935, the Philippine Independence Act of March 24, 1934, 48 Stat. 456, 48 U.S.C.A. § 1231 et seq., had not yet become effective and therefore the language of Section 8(a) (2) of that Act did not cover his status. In passing, it should be noted that there are several interpretations as to the effective date of the Philippine Independence Act. These dates range from May 1, 1934, Hackworth, Digest of International Law, Vol. 1, p. 496, through May 14, 1935, Del Guercio v. Cabot, 9 Cir., 161 F.2d 559, to November 15, 1935, Cabebe v. Acheson, 9 Cir., 183 F. 2d 795.

Petitioner shall prepare Findings of Fact and Conclusions of Law in accordance with the foregoing.

1. Persons in petitioner's category have actually been admitted to citizenship in this Court. Petition of Mary Almarza Bernal, #88505; Petition of Eusibio Aquino Hafalla, #84671; 8 U.S.C.A. § 703(a).